UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY VICTOR SMITH,

    Plaintiff,

v.

UNKNOWN BIVENS, et al.,

    Defendants.

Case No. 26-cv-11909

Honorable Robert J. White

---

**OPINION AND ORDER PARTIALLY DISMISSING THE COMPLAINT**

---

Michigan inmate Henry Victor Smith brings this pro se civil rights action under 42 U.S.C. § 1983. Smith sues five Saginaw Correctional Facility officials: (1) Corrections Officer Unknown Bivens, (2) Grievance Coordinator S. Flaugher, (3) Deputy Warden Unknown Godfrey, (4) Warden A. Douglas, and (5) Sergeant Unknown Doe. The case will proceed against Defendants Bivens and Doe on Smith's Eighth Amendment complaint and will be dismissed against the remaining defendants for Smith's failure to state a claim against them.

I

Pro se complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, under the PLRA, the Court is required to screen a prisoner complaint and dismiss it to the extent it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks

1

monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id*. at 327-28. To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).

II

The complaint alleges that on February 23, 2025, while Smith was eating lunch at the Saginaw Correctional Facility, a higher security level inmate was allowed into the chow hall.[1] (ECF No. 1, PageID.10.) The other prisoner started to assault Smith while defendant Bivens and two other corrections officers stood by and allowed the assault to continue for several minutes. Other corrections officers

---

[1] There is an inconsistency or ambiguity in the complaint. Smith lists "Unknown Sgt., Sgt. on duty" as a defendant. (ECF No. 1, PageID.4.) The body of the complaint, however, asserts that besides Bivens, "other unknown C/O's which is Sgt. Howard and Sgt. Bowi on 1st shift" also stood by while he was assaulted. (*Id.* PageID.10.) It is not clear to the Court whether Smith intends to sue Howard, Bowi, or some other unknown corrections officer. For now, the Court will allow the case to proceed against defendant Unknown Doe in addition to Bivens.

than came by and broke up the fight. Smith asserts that he suffered serious bodily injuries in his neck, back, and eye. (*Id.*) Smith filed grievances regarding Bivens and the other officers' failure to protect him, but they were denied by the other defendants named in the complaint. (*Id.*, PageID.10-11.)

III

First, with respect to Defendants Bivens and Doe, the complaint asserts that they and perhaps other officers failed to protect Smith from being assaulted by another prisoner.

"[P]rison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners." *Reedy v. West*, 988 F.3d 907, 912 (6th Cir. 2021) (quotation marks omitted). "For a failure-to-protect claim to lie against a prison official, the plaintiff must show that: (1) 'objectively,' he was 'incarcerated under conditions posing a substantial risk of serious harm' and (2) the official acted with 'deliberate indifference' to inmate safety, meaning the official was 'subjectively aware of the risk' and 'failed to take reasonable measures to abate it.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994)) (brackets and citations omitted). The allegations in the complaint permit the case to proceed against defendants Bivens and Doe on Smith's failure-to-protect claim. None of the allegations in the complaint support a failure-to-protect claim against the other defendants, however.

3

Next, Smith also names the MDOC personnel at the Saginaw facility who rejected his grievances regarding the assault or supervised Bivens and Doe.

Supervisory officials cannot be held liable under section 1983 unless they "encouraged the specific instance of misconduct or in some other way directly participated in it." *Cardinal v. Metrish*, 564 F.3d 794, 802-03 (6th Cir. 2009) (quotation omitted). The complaint must plausibly demonstrate that the supervisory official "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id*. at 803 (quotation omitted). "Supervisory liability under § 1983 cannot be based on a mere failure to act but must be based upon active unconstitutional behavior." *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002). The complaint does not allege that these other defendants had a personal involvement in the failure to protect Smith.

With respect to the fact that these other defendants denied Smith's grievances, the Sixth Circuit has repeatedly held that the wrongful denial of prison grievances does not violate any federal constitutional right so long as the official who denies the grievance is not involved in the underlying challenged conduct. *See Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008); *Shehee v. Luttrell*, 199 F. 3d 295, 300 (6th Cir. 1999) (prison officials who were not involved in inmate's termination from his commissary job, and whose only roles involved the denial of administrative

grievances or the failure to act, were not liable under section 1983 on a theory that their failure to act constituted an acquiescence in the unconstitutional conduct).

Accordingly, Smith fails to state a claim against the other defendants for their role as supervisors or for denying his grievances.

Finally, Smith indicates that he is suing all the defendants in both their individual and official capacities. A suit for damages brought against an individual in his or her official capacity is equivalent to a suit brought against the governmental entity - here, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The states and their departments, however, are immune under the Eleventh Amendment from suit in federal courts unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Harrison v.Michigan*, 722 F.3d 768, 771 (6th Cir. 2013). Therefore, Smith's claims for damages against defendants in their official capacities are subject to summary dismissal.

IV

Under 42 U.S.C. § 1915(e)(2), the complaint is therefore DISMISSED with respect to defendants S. Flaugher, Unknown Godfrey, A. Douglas, and Unknown Doe.

The case will proceed against defendants Bivens and Doe, in their personal capacities, for Smith's failure-to-protect claim.

SO ORDERED.


Dated: June 30, 2026                          s/Robert J. White
                                              Robert J. White
                                              United States District Judge